IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJUAN P. STROMAN, | No. C 14-2245 TEH (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
|     v. | |
| DAVE DAVEY, Warden, | (Doc. #2) |
|     Respondent. | |

Petitioner Jajuan P. Stroman, an inmate at California State Prison, Corcoran, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court. Petitioner also seeks leave to proceed in forma pauperis. Doc. #2.

I

According to the Petition, in February 2010, Petitioner was convicted of second degree murder and subsequently sentenced to forty-years-to-life in state prison. Doc. #1 at 2. The California Court of Appeal affirmed, and the California Supreme Court denied

review.  Doc. #1 at 3.  Petitioner did not seek habeas relief in state court.  Doc. #1 at 4.  The instant action was filed on May 15, 2014.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Petitioner asserts the following claims, see Doc. #1 at Attachment A:  (1) failure of trial court to instruct on proximate cause as used in the special allegation for personal discharge of a firearm causing death; (2) Confrontation Clause violation where trial court excused a key witness, DeAngelo Hudson, from testifying at trial and instead admitted his preliminary hearing testimony; (3) Confrontation Clause violation where trial court admitted taped statement of a witness, Carl Anthony, who claimed a complete loss of memory during cross-examination; (4) failure of trial court to give cautionary instructions regarding accomplice testimony; (5) failure of trial court to either correct the prosecution's misstatement of the law of manslaughter made during closing argument or, alternatively, permit defense counsel to respond to the prosecution's misstatement; (6) ineffective assistance of trial

**2**

counsel for failure to timely object to the prosecution's misstatement of the law on manslaughter during closing argument; and (7) ineffective assistance of appellate counsel for failure to raise claims brought in the instant petition.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

In addition, Petitioner claims ineffective assistance of trial counsel for "his failure to subject the prosecution's case to meaningful adversarial testing, and for his lack of competence due to his dyslexia." See Doc. #1 at Attachment A. These claims are too lacking in detail to warrant a response from Respondent. Petitioner does not identify any errors in his trial counsel's "adversarial testing" of the prosecution's case. Nor does he explain what he means by "lack of competence due to his dyslexia." Further, Petitioner fails to explain how these alleged errors affected his trial. Accordingly, Petitioner's claims of ineffective assistance of trial counsel for "his failure to subject the prosecution's case to meaningful adversarial testing, and for his lack of competence due to his dyslexia" are dismissed. Petitioner may move to amend his petition to re-allege these claims if he can identify facts in support of the claims.

//

//

**III**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed <u>in forma pauperis</u> (Doc. #2) is GRANTED.

2. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

4. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within twenty-eight (28) days of receipt of the

4

1  motion, and Respondent shall file with the Court and serve on
2  Petitioner a Reply within fourteen (14) days of receipt of any
3  Opposition.
4      5.   Upon a showing of good cause, requests for a
5  reasonable extension of time will be granted provided they are filed
6  on or before the deadline they seek to extend.
7      6.   Petitioner is reminded that all communications with
8  the Court must be served on Respondent by mailing a true copy of the
9  document to Respondent's counsel.  Petitioner also must keep the
10 Court and all parties informed of any change of address.

12     IT IS SO ORDERED.

14 DATED   *07/23/2014*                 _____
                                        **THELTON E. HENDERSON**
15                                      United States District Judge

19 G:\PRO-SE\TEH\CR.14\Stroman 14-2245 OSC.wpd

5